RAFAEL DEL VALLE ZENO, promovente, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. DOMINGO SEPÚLVEDA, Juez, y JESÚS MARÍA ROSSY, demandados.

No. 37.—*Sometido:* Marzo 10, 1926.   *Resuelto:* Marzo 11, 1926.

1. APELACIÓN Y ERROR—RESOLUCIÓN Y DISPOSICIÓN DEL CASO—JURISDICCIÓN Y PROCEDIMIENTOS DE LA CORTE DE APELACIÓN DESPUÉS DE DEVUELTO EL CASO—RECONSIDERACIÓN ESTANDO EL MANDATO DE LA CORTE DE APELACIÓN EN PODER DEL TRIBUNAL INFERIOR.—Para que una moción de reconsideración presentada en la corte de apelación pueda dejar en suspenso la jurisdicción de la corte inferior es necesario que se solicite la devolución del mandato de la corte de apelación que, en poder de dicha corte inferior, traspasó la jurisdicción a la misma.

2. ARRENDADOR Y ARRENDATARIO—ACCIÓN DE VOLVER A ENTRAR EN, Y RECOBRAR LA POSESIÓN POR EL ARRENDADOR—DESAHUCIO—APELACIÓN—DECISIONES REVISABLES—RESOLUCIÓN NEGANDO AMPLIACIÓN DEL TÉRMINO PARA EL DESALOJO.—Presentada moción para ampliar el término fijado para la ejecución de sentencia que, dictada en un caso de desahucio, quedó firme, la resolución sobre dicha moción no es apelable.

3. APELACIÓN Y ERROR—DECISIONES SUJETAS A REVISIÓN—NATURALEZA, ALCANCE Y EFECTO DE LA DECISIÓN—RESOLUCIÓN SOBRE MOCIONES—MOCIONES QUE PRESENTAN CUESTIONES COMPRENDIDAS EN UNA SENTENCIA.—A las cuestiones necesariamente comprendidas en la sentencia debe llegarse mediante apelación contra ésta: presentadas aquéllas de nuevo por mociones, las resoluciones sobre dichas mociones no son apelables.

4. ARRENDADOR Y ARRENDATARIO—ACCIÓN DE VOLVER A ENTRAR EN, Y RECOBRAR LA POSESIÓN EL ARRENDADOR—DESAHUCIO—DE LA SENTENCIA—ESTOPPEL DEL DEMANDADO—AMPLIACIÓN TÉRMINO PARA LA EJECUCIÓN.—Dictada sentencia de desahucio que fija el término de la ejecución, el demandado está impedido (*estopped*) por dicha sentencia para solicitar que dicho término se amplíe de acuerdo con los términos de un contrato que, entre las partes, dió lugar al desahucio.

PETICIÓN DE AUTO INHIBITORIO para que se ordene a los demandados que desistan y se abstengan de nuevo procedimiento en relación con la orden o resolución dictada por el tribunal inferior y contra la cual se estableció recurso de apelación. *Sin lugar.*

*Jacinto Texidor, J. Martínez Dávila, J. H. Brown* y *M. Rodríguez Serra,* abogados del promovente.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En este caso no se expedirá un auto inhibitorio. En noviembre 10, 1925 esta corte dictó sentencia interpretando un contrato y manifestando que el demandante tenía derecho a seguir adelante con su acción de desahucio. El caso volvió a la corte de distrito que dictó sentencia de desahucio en 29 de diciembre de 1925. El demandado, a nuestro juicio, equivocó sus derechos y dejó de verificar cierto depósito necesario a los fines de una apelación y la apelación contra la sentencia de desahucio tuvo que ser desestimada.

Una sentencia en un caso de desahucio siempre fija un término en el cual el demandado debe desalojar el sitio y en este caso el término fijado fué de 20 días, las fechas exactas no siendo importantes en este momento, y éstas no se especifican claramente en la petición. En o antes del término fijado para la ejecución de la sentencia en 25 de febrero de 1926, el demandado presentó una moción especial a la Corte de Distrito de San Juan. El demandado sostuvo que la ley del caso era el contrato celebrado entre las partes y que en dicho contrato las partes habían convenido lo siguiente:

"*Undécima:* Una vez expirado el tiempo de este contrato, y el de su prórroga, si la hubiere, el señor del Valle Zeno tendrá un plazo de dos meses para levantar de la parcela arrendada el equipo que haya instalado, pagando al señor Rossy arrendamiento, en la misma forma que establece la cláusula quinta, por dichos dos meses."

[1] El demandado insistió en que la fecha para desalojar la finca debía ampliarse a dos meses de acuerdo con los términos del contrato. El demandado amplió su referida moción para llamar la atención de la corte inferior a que probablemente había librado su orden de ejecución a virtud de la teoría de que la sentencia de desahucio se había convertido en ejecutable debido a la desestimación de la apelación mientras que según el peticionario el hecho era que al tiempo de librarse la referida orden de ejecución se encontraba pendiente una moción de reconsideración ante esta corte que dejaba en suspenso la jurisdicción de la corte de distrito.

[2]    Podemos interrumpir nuestra narración de los hechos del caso para decir que los autos de esta corte muestran que en la fecha de la moción de reconsideración el mandato de esta corte desestimando la apelación ya estaba en poder de la corte de distrito y que el referido mandato traspasó la jurisdicción a esa corte. 2 R.C.L. 175, memorándum y sentencia de esta corte de marzo 10, 1926, en el caso de *Royal Bank of Canada* v. *Goico*.    Hubiera sido necesario solicitar la devolución del mandato.

Asimismo dudamos si una moción de reconsideración por sí anularía el derecho de ejecución una vez que surge.    La condición de ser ejecutable una sentencia en Puerto Rico parece que queda fijada por la sentencia de esta corte y no por la devolución del mandato.    El derecho de ejecución en general en los Estados Unidos sólo se suspende por un *supersedeas.*

La moción de febrero 25 como quedó ampliada, fué declarada sin lugar en 5 de marzo de 1926 por la Corte de Distrito y el demandado apeló.    El demandante compareció ante la corte y solicitó la ejecución inmediata alegando que la orden desestimando la moción de febrero 25 no era apelable.    El juez se reservó la resolución y no la había resuelto cuando esta petición de auto inhibitorio fué presentada.

El peticionario sostiene que el único tribunal competente para resolver si procede una apelación es la corte a la cual se interpone la apelación y solicita se expida un auto inhibitorio.    La súplica del auto es sólo y exclusivamente para que se ordene al juez que se abstenga de nuevos procedimientos en relación a la orden de 5 de marzo de 1926, que deniega la moción ampliada de febrero 25, 1926.

Técnicamente si expidiésemos el auto como ha sido solicitado en manera alguna impediría la ejecución, si el demandante tenía derecho a sostener que la resolución de marzo 5 no era apelable.    Si el juez correcta o incorrectamente estaba convencido de que la resolución no era apelable, la orden inhibitoria no detendría la ejecución.    Sólo impediría al

juez poder considerar si la resolución era o nó de tal **modo** apelable.

[3] La cuestión substancial a que el peticionario trataba de llegar era que la corte no tenía ningún derecho a ejecutar la sentencia de desahucio estando pendiente la apelación contra la resolución de marzo 5. La teoría del demandante fué probablemente que dicha resolución no era apelable porque no caía dentro de la clase de procedimientos conocidos para los fines de una apelación por "órdenes después de sentencia." La jurisprudencia de esta corte y de California es clara en cuanto a que debe llegarse a las cuestiones necesariamente comprendidas en la sentencia mediante una apelación contra dicha sentencia y si se presentan de nuevo por mociones las resoluciones sobre dichas mociones no son apelables. De otro modo un litigante que ha obtenido éxito podría ser molestado siempre con las apelaciones. Si las órdenes sobre dichas mociones no están comprendidas dentro de la clase mencionada pueden ser consideradas como nulas. Un juez de una corte si está enteramente convencido de que un procedimiento es nulo puede seguir adelante haciendo caso omiso del mismo. De otro modo el término fijado para la ejecución de una sentencia nunca empezaría.

La cuestión por tanto en pie es si la apelación era o nó contra una "resolución después de sentencia," como la considera la ley y la jurisprudencia. Hubo una sentencia de desahucio que fijaba un término para la ejecución. El término de la ejecución fué así fijado por la sentencia misma y quedó firme. Cualquier tentativa para fijar alguna otra fecha era apartarse de algo necesariamente incluído en la sentencia dictada correcta o incorrectamente.

[4] Quizás hay aún una consideración más importante. Como en la petición no se expresan todos los hechos del pleito de desahucio, en este momento no conocemos y posiblemente no podemos conocer los fundamentos por los cuales el demandante logró obtener su sentencia de desahucio

en la corte inferior. A una consideración de los méritos de la apelación contra la sentencia a favor del demandante nunca se llegó. Sin embargo, esa sentencia era un completo impedimento (*estoppel*) contra el demandado para todas las cuestiones que pudieron haber sido defendidas en dicho pleito. Puede haber sido que la cláusula del contrato citada por el peticionario quedara ineficaz o variada por alguna otra cláusula del contrato. Aún más que esto es la conclusión de que cuando un demandado deja de cumplir un contrato y el demandante invoca penalidades por tal incumplimiento, y una cancelación del contrato, el término del vencimiento del contrato no surge. Si el demandado dejó de cumplir con alguna cláusula del contrato de arrendamiento dando al demandante un derecho al desahucio el vencimiento del término concedido entendemos que nunca llegó. A lo sumo los dos meses sólo podía decirse que corrían a partir del momento en que el incumplimiento surgió y el demandante notificó al demandado respecto al mismo y solicitó que verificara la entrega de la finca, tal vez desde la radicación de la demanda en este caso.

Propiamente no existe ninguna "providencia después de la sentencia" y la solicitud de auto inhibitorio *debe ser denegada*.